**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **MICHELLE BUONO and THOMAS BUONO,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
| **DAVOL, INC. and C. R. BARD, INC.,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now come the Plaintiffs Michelle Buono (Mrs. Buono) and Thomas Buono (Mr. Buono) (collectively "Plaintiffs"), by and through counsel and, hereby bring this cause of action against Defendants Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), and for their cause of action state:

## I. INTRODUCTION

1. Mrs. Buono suffered severe injuries from the Defendants' defective products after undergoing surgery to repair several hernias in her abdomen. During the first surgery a Composix® Kugel® Mesh Patch (hereinafter "Kugel Patch"), REF 0010202, was used to repair the hernia. During the second surgery a Kugel Patch, REF 0010206, was used to close Ms. Buono's Abdomen. Both Kugel Patches were later recalled in December of 2005, March of 2006 and January of 2007. Plaintiffs brings the current action against Bard and its wholly owned subsidiary, Davol, for injuries sustained by the plaintiff, including bowel

obstruction, bowel and colon perforation, two fistulae, nausea, vomiting, abdominal pain, diarrhea and persistent fevers, because of the defective Kugel Patches surgically implanted into her body.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction), because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by individual Plaintiffs who are citizens of a different state from the Defendants. Plaintiffs' cause of action arises out of the Defendants' (1) transacting business in Massachusetts; (2) contracting to supply and/or sell goods in Massachusetts; (3) doing or causing a tortious act to be done in Massachusetts; and/or (4) causing the consequence of a tortious act to occur within Massachusetts, and the defendants do, or solicit business or engage in a persistent course of conduct or derive substantial revenue from the sale of goods in Massachusetts.

## III. PARTIES

3. Plaintiffs, Michelle Buono and Thomas Buono are husband and wife. Plaintiffs reside in Massachusetts and at all relevant times herein, were citizens and residents of the Commonwealth of Massachusetts.
4. Defendant, Davol, a wholly owned subsidiary of Bard, is a Delaware corporation with its principle place of business at 100 Sockanosset Crossroads, P.O. Box 8500, Cranston, Rhode Island, 02920. At all relevant times hereto, Defendant Davol conducted business in the Commonwealth of Massachusetts and was in the business

of promoting, marketing and distributing Kugel Patches including the patches surgically implanted into Plaintiff Michelle Buono in the State of Massachusetts.

5. Defendant, Bard, is corporation incorporated under the laws of New Jersey with its principle place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974. At all relevant times hereto, Defendant Bard conducted business in the Commonwealth of Massachusetts and was in the business of promoting, marketing and distributing Kugel Patches including the patches surgically implanted into Plaintiff Michelle Buono in the State of Massachusetts.

## IV. FACTS

6. A hernia occurs when the stomach muscles are too weak to contain the intestines and as a result a rupture occurs in the muscle wall which allows the intestines to protrude.
7. The Kugel Patch was designed to treat ventral hernias caused by the thinning or stretching of scar tissue that forms after surgery and where the stomach muscles are to weak to be stitched together in order to repair the hernia.
8. The Kugel Mesh product line was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January 2000, Bard acquired the Kugel Line of hernia repair products from Surgical Sense, Inc. In 2001, Bard introduced the Kugel Patch through its subsidiary, Davol.
9. The Kugel Patch, invented by Robert D. Kugel, M.D. is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Kugel Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision the mesh is folded in half.

Once inside the abdomen the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

10. Due to defects in the design and manufacturing of the Kugel Patch, the "memory recoil ring" that opens the patch can break under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has broken, it can later come lose and cause serious injuries as it travels through the body. These injuries include: intestinal perforation; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

11. The Kugel Patches present and constitute an unreasonable risk of danger and injury in the following respects:

    a. the memory recoil ring in the Kugel Patch is likely to malfunction after being implanted;

    b. the Kugel Patch was not properly manufactured;

    c. the Kugel Patch was defectively designed;

    d. the Kugel Patch did not perform as safely as an ordinary consumer/patient would expect;

    e. the Kugel Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and

    f. such further and additional defects as discovery and the evidence reveal.

12. As a result of this dangerous and defective condition, and the numerous serious injuries that resulted, the FDA issued the first Class 1 Recall of various lots of the Kugel Patches on December 22, 2005, which included the Kugel Patch used in Mrs.

Buono's second surgery (REF 0010206). The Class 1 Recall was expanded in subsequent recalls on March 24, 2006 and January 10, 2007. The January 10, 2007 recall included the Kugel Patch used in Mrs. Buono's first surgery (REF 0010202). A Class 1 Recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

13. The products that are affected by the recall were distributed to customers and implanted in patients worldwide. As of March 2006, roughly 75,000 Kugel Patches had been sold.

14. At all relevant times herein, Defendants knew, or with the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared, did not provided proper warnings, were not suitable for the purpose they were intended, and were unreasonably likely to injure the products' users.

15. Defendants' Kugel Patches are defective because they possess the potential for breakage or malfunction of the memory recoil ring and subject users to risk of significant injury.

16. On August 6, 2005 Plaintiff, Michelle Buono, was in a car accident that resulted in a ventral hernia that led to the strangulation of her intestine.

17. On August 10, 2005 Plaintiff underwent surgery to repair the ventral hernia. During the course of the operation a Kugel Patch, REF 0010202 was implanted to repair the hernia.

18. On August 17, 2005 Plaintiff was readmitted to the hospital with severe abdominal pain. Plaintiff under went and exploratory laparotomy and a small bowel obstruction was identified. On August 20, 2005, Plaintiff underwent surgery to remove the bowel obstruction and a second Kugel Patch, REF 0010206, was implanted to close the abdomen.

19. Plaintiff was not discharged from the hospital until September 27, 2005, due to a complicated course. Between her discharge at the end of September, 2005 and February of 2006, she developed and was treated for a chronic mesh infection causing repeated episodes of bacterium that necessitated consistent doses of Vancomycin administered through a Groshong tunneled catheter implanted in the Plaintiff.

20. During the time Plaintiff was administered Vancomycin, she suffered chronic low grade fevers, pain, nausea, vomiting, intermittent diarrhea, headaches, abdominal pain, constant fatigue, and chronic drainage from her wound which was open and extended down her midline.

21. Finally, on February 15, 2006, Plaintiff was admitted to Boston Medical Center for a number of procedures including a surgery to remove the infected Kugel Patch. During the procedure it was discovered that Plaintiff's bowel and colon had been perforated several times and two fistulae requiring the placement of an ileostomy bag (colostomy bag) to prevent further illness.

22. Plaintiff remained in the hospital under observation for 12 days and was finally discharge home on February 27, 2006 with a visiting nurse.

23. Plaintiff was re-admitted to the hospital 3 months later on May 26, 2006, to remove the colostomy bag and was released four days later on May 30, 2006.

## COUNT I

## NEGLIGENCE

24. Plaintiffs repeat, re-allege, and re-aver paragraphs one through twenty-thee as if expressly set forth full hereinafter.

25. It was the duty of the defendant corporations to use and exercise reasonable and due care and to properly manufacture, develop, design, produce, test, inspect, package, label, distribute, market, examine, maintain, supply and provide proper warnings in the sale and distribution of the Composix® Kugel® Mesh Patch product line.

26. It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe use of their product, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their product, including known or suspected risks from the use of their product, and to prevent a product which they knew or with reasonable care should have known was unreasonably dangerous and defective from entering the channels of trade.

27. It was the continuing duty of the defendant corporations to advise and warn purchasers, consumer and users of all dangers, characteristics, potentialities and defects discovered prior to or subsequent to their initial marketing or sale of Composix® Kugel® Mesh Patch product line.

28. Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by:

a. using unreasonable, careless and negligent conduct in the design, development, formulation, manufacture, advertisement, promotion, marketing, sale, and distribution of the Kugel Patches implanted into the plaintiff;

b. failing to adequately test the Kugel Patches implanted into the plaintiff

c. failing to warn or instruct, or adequately warn or adequately instruct the Plaintiff and consumers concerning the risk or likelihood of malfunction of the memory recoil ring and other medical complications associated with use of the Kugel Patch product line which defendants had or should have had knowledge of;

d. by placing in the channels of trade a medical device which defendants knew or with reasonable care should have known was unreasonably dangerous and unsafe and by placing said device in the channels of trade in a manner which the defendants foresaw, or in the exercise of reasonable care ought to have foreseen, would carry said device into contact with persons such as the Plaintiff, and by failing to use reasonable care to prevent injury to such persons, including the Plaintiff.

e. marketing an inherently unsafe and/or dangerous medical device;

f. misrepresenting that said device was safe when the defendants knew, or in the exercise of reasonable care should have known, that said device was dangerous, unsafe and likely to injure Kugel Patch users;

g. Failing to adequately warn of reactions, side effects, and complications, including the risks of breakage, separation, tearing and splitting associated

with the use of Kugel Patches and the resulting harm and risk it would cause patients.

29. As the direct and proximate result of the unreasonable, careless, and negligent conduct of the Defendant corporations, the Plaintiff, Michelle Buono, sustained severe injuries including a severe and debilitating infection causing fevers, severe pain, vomiting, nausea, the need for continual intravenous antibiotics over the course of several months, colon and bowel perforations, and two fistulae requiring several operations to repair the harm caused by the Kugel Patches surgically implanted into her body. As a result of which the plaintiff has incurred significant medical and rehabilitative expenses, incurred great mental and physical pain and suffering, and suffered impairment in her enjoyment of life, which damages are continuing in nature.

WHEREFORE, Plaintiff, Michelle Buono, demands compensatory damages, plus interest and costs.

**COUNT II**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

30. The Plaintiffs repeat, re-allege, and re-aver paragraphs one through thirty above as if expressly set forth hereinafter.

31. The Defendants negligently inflicted emotional distress on the Plaintiff, Michelle Buono, when as a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff was caused to suffer severe emotional distress, with physical harm manifesting itself by objective symptomology, and a reasonable person in

Plaintiff's position would have suffered similar emotional distress under like circumstances.

WHEREFORE, Plaintiff, Michelle Buono, demands compensatory damages, plus interest and costs.

## COUNT III

## BREACH OF EXPRESSED AND IMPLIED WARRANTIES

32. The Plaintiffs repeat, re-allege, and re-aver paragraphs one through thirty-two above as if expressly set forth fully hereinafter.

33. The Plaintiff was a person whom the Defendants could reasonably have expected to use or be affected by the Defendants' product within the meaning of Massachusetts General Laws c. 106, §2-318, as the Defendants knew or had reason to know that their product would be used to repair ventral hernias and abdominal perforations in patients within Massachusetts, and that individuals such as the Plaintiff would have such product surgically implanted in their bodies when the need arose.

34. The Defendants expressly and impliedly warranted to Plaintiffs, Plaintiff's physicians and healthcare providers that their product was safe, merchantable and for the use for which it was intended and fit for its particular purpose to repair ventral hernias and perforations of the abdomen.

35. The Defendants knew or had reason to know of the particular purposes for which their product would be used.

36. The Plaintiff, Plaintiff's physicians and health care providers reasonably relied upon the Defendants' judgment, indications and statements that the Kugel Patch was fit for its particular purpose.

37. The Defendants breached said warranties to the Plaintiff because when the Kugel Patch Product line was distributed into the stream of commerce by Defendants it was unsafe for its intended use, not of merchantable quality as warranted by Defendants, and unfit for the purpose for which it was intended.

WHEREFORE, Plaintiff, Michelle Buono, demands compensatory damages, plus interest and costs.

**COUNT IV**

**LOSS OF CONSORTIUM**

38. The Plaintiffs repeat, re-allege, and re-aver paragraphs one through thirty-seven as if expressly set forth fully hereinafter.

39. The Plaintiff, Thomas Buono is the husband of Michelle Buono and at all pertinent times was the husband of Michelle Buono.

40. As a direct and proximate result of the negligence, breach of duty and wrongdoing of the Defendants and the resultant injury to Michelle Buono, as more particularly described in Counts I through III, the Plaintiff Thomas Buono, suffered a loss of his right to consortium with his wife and the loss of his wife's services, society and companionship, and has suffered great mental anguish.

WHEREFORE, Plaintiff, Thomas Buono, demands compensatory damages, plus interest and costs.

**PRAYERS FOR RELIEF**

Plaintiffs demand trial by a jury on all issues.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment against the Defendants, and in favor of the Plaintiffs and to aware the following relief:

a) Award Plaintiff Michelle Buono all damages allowed by law to compensate her for the physical injury, pain, suffering, emotional distress, mental anguish, physical disability and physical disfigurement and other losses which she has endured;

b) Award Plaintiff, Thomas Buono, damage for loss of companionship and consortium with Mrs. Buono;

c) Award such other relief as this court may deem just and proper.

Dated: This 8th day of August, 2008.

Respectfully Submitted,

/s/ Marilyn T. McGoldrick

Marilyn T. McGoldrick (BBO # 546253)
David C. Strouss, (BBO # 546253)
THORNTON & NAUMES, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333